IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10cv379-WHA |
| | ) | |
| BOB RILEY, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court is Plaintiff's Amended Complaint. (Doc. #11). On May 11, 2010, this case was referred to the undersigned Magistrate Judge for action or recommendation on all pretrial matters. Order (Doc. #5). On May 3, 2010, this Court stayed service of process of the original complaint pending the required review under 28 U.S.C. § 1915 (2000). *See* Order (Doc. #6). Plaintiff filed the Amended Complaint on August 12, 2010, after the Court informed Plaintiff that his original complaint suffered from several fatal defects and ordered Plaintiff to amend. See Order (Doc. #10).

For the reasons that follow, it is the RECOMMENDATION of the undersigned that this action be DISMISSED with prejudice for lack of subject matter jurisdiction.

**I.    DISCUSSION**

Plaintiff in this matter is a prisoner and pursuant to 28 U.S.C. § 1915 and 1915A (2000), this Court is required to review Plaintiff's complaint prior to the service of process and determine if it can proceed or should be dismissed. During that initial review, this Court

determined that Plaintiff's claims suffered from several fatal flaws. The Court informed Plaintiff of those flaws in the Order dated July 23, 2010, and allowed Plaintiff to amend his complaint. The Amended Complaint filed by Plaintiff did not cure the flatal flaws but merely served as further evidence that this case is due to be dismissed. While Plaintiff's Amended Complaint could be dismissed on several individual grounds, as outlined in this Court's Order of July 23, 2010, (Doc. #10), the Court deems a dismissal for lack of subject matter jurisdiction to be most appropriate.

In his Amended Complaint Plaintiff seeks redress against the juvenile court of Montgomery County, in Montgomery, Alabama, for his loss of custody rights over his children. Plaintiff challenges the juvenile court's decisions and the laws upon which that court relied. Specifically, Plaintiff challenges Alabama Code section 12-15-319,[1] which allows for the termination of parental rights where a court finds

> from clear and convincing evidence, competent, material, and relevant in nature, that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or that the conduct or condition of the parents is such as to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parents. In determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child, the court shall consider . . .
>
> (4) Conviction of and imprisonment for a felony.

Ala. Code § 12-15-319 (1975). Plaintiff alleges that the factual findings of the juvenile court

---

[1] In his complaint, Plaintiff challenges Alabama Code Sections 26-18-6 and 26-18-7. However, those sections were amended and renumbered as 12-15-318 and 12-15-319, effective January 1, 2009.

were improper, and argues they were an abuse of discretion.  Further, Plaintiff raises constitutional challenges to the Alabama Code sections, alleging violations of the Due Process Clause, the Equal Protection Clause, the Ninth Amendment, and the Fourteenth Amendment.  *See generally*, Amended Comp.  (Doc. #11).

The Court need not address Plaintiff's substantive challenges.  As Plaintiff was warned, this Court does not have subject matter jurisdiction to review state agency and court proceedings in which parental rights have been terminated.  *See* Order of July 23, 2010 (Doc. #10) at 4; *see also Staley v. Ledbetter*, 837 F.2d 1016, 1017-18 (11th Cir. 1988) ("We need not address the parties' substantive contentions, because no federal subject matter jurisdiction existed in this case.").  Review of final judgments of state court judicial proceedings is reserved for the Supreme Court of the United States.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000); 28 U.S.C. § 1257.  Thus, a district court is barred from reviewing the final judgment of a state court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).  This "bar" also "operates where the plaintiff fails to raise his federal claims in state court."  *Staley*, 837 F.2d at 1018.

In the present case, Plaintiff states that he appealed the juvenile court's decision to the Alabama Court of Civil Appeals and the Alabama Supreme Court alleging numerous constitutional issues. Amended Comp. (Doc. #10) at 4.  Thus, Plaintiff not only had the opportunity to raise the constitutional claims he raises here in the state court, but did so.

Further, the constitutional issues that Plaintiff raises are 'inextricably intertwined' with the state court's judgment. "A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). The basis of this cause of action is Plaintiff's allegations that the state juvenile court's rulings and the appellate courts' reviews were wrongly decided. This is further evidenced by the relief he requests, such as his request that this case "be remanded for trial at which to prevail the state would have to prove that the statute is supported by a compelling interest and is the most narrowly drawn means of achieving that end." Amended Comp. (Doc. #11) at 21.

It is clear that this case is an attempt by Plaintiff to obtain review and reversal of the state court's decisions, which the *Rooker-Feldman*[2] doctrine prohibits. Therefore, this Court lacks subject matter jurisdiction over this matter. *See Staley*, 837 F.2d at 1018 (holding hat federal court lacked subject matter jurisdiction to review state agency and court proceedings that terminated parental rights).

## II.   CONCLUSION

For the reasons stated above, it is

the RECOMMENDATION of the undersigned that this action be DISMISSED with prejudice for lack of subject matter jurisdiction. It is further

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 26th, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of August, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE